MARY DONAHUE, WIDOW OF THOMAS F. DONAHUE, DE-
CEASED, APPELLANT, v. MUNICIPAL EMPLOYES' PEN-
SION COMMISSION OF NEWARK, RESPONDENT.

Submitted October 15, 1937—Decided December 9, 1937.

Before Brogan, Chief Justice, and Justices Trenchard
and Parker.

For the appellant, *Herr & Kaufman* (*James J. Quinn*, of
counsel).

For the respondent, *James F. X. O'Brien* (*Thomas M.
Kane*, of counsel).

The opinion of the court was delivered by

Parker, J. Appellant, invoking the Declaratory Judg-
ments act of 1924 (page 312) and supplements, petitioned
the Essex Circuit Court for a judicial declaration that her
deceased husband, Thomas F. Donahue, who at the time of
his death was an employe in the department of public works
of the city of Newark, was entitled to the benefits of the
Municipal Employes Retirement act of 1927 (*Pamph. L., p.*
365) and that by virtue thereof she, as his widow, was entitled

to qualify for a pension thereunder. The petition, or complaint, set up certain facts which appear to have been accepted and stipulated by both sides as correct. No answer was filed; briefs were submitted to Judge William A. Smith, and he delivered a written opinion which is before us, and which we think correctly disposes of the matter.

The first employment of Donahue in connection with the city in any way, seems to have been in 1914, under the department of health. He was then thirty-eight years old. A board of health pension fund act was then in force (*Pamph. L.* 1913, *p.* 380; *Cum. Supp. Comp. Stat.* 1924, *p.* 1483), but Donahue did not join that fund. He remained in the department of health until 1933, when he was transferred to the department of public works, a city department, controlled as to pension matters by the said act of 1927, chapter 190 (*Pamph. L., p.* 365), applicable to first class cities. This, in section 9, at page 370, specifically provides that the word "employe" shall not be held to include any * * * employe of any local board of health eligible for membership in a pension fund under the above act of 1913, specifically citing it. Consequently, so long as he remained in the health department, his status in pension matters was under the act of 1913; and he left the health department without having taken any steps to qualify thereunder. When he made the change in 1933 he was of course about fifty-seven years old; and three years before, in 1930 (*Pamph. L., p.* 353) the legislature had enacted that "any person of the age of forty years or over, accepting employment in the state, or any county or municipality thereof, shall not be eligible to join any pension fund maintained by the state or any county or municipality thereof." Hence Donahue had no status for a pension in the board of health, for he had never joined that fund: and he had no status to join the fund arising under the act of 1927 because of the age limit. He was not entitled to join the latter fund in his lifetime; and if not, his widow stands certainly in no better position after his death.

It is argued that the words "accepting any employment" in section 2 of the act of 1930, should be held applicable to

accepting employment for the first time; and that the employment of deceased by the city had been continuous notwithstanding the shift from the board of health. But we think the act of 1930 must be read in the light of the act of 1927 which, as we have noted, specifically restricts the word "employe" to others than employes of boards of health. To put it in another way, Donahue first became a municipal employe in the statutory sense of the word, for pension purposes, in 1933, and was then barred for age, as already pointed out.

The judgment of the Circuit Court is affirmed.